**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| JENNI O'DONNELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAULER CONTAINERS, INC., and WILLIAM C. CAULER,<br><br>Defendants. | Case No. 5:25-CV-05558-JLS<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Jenni O'Donnell—brings this action individually and on behalf of all current and former hourly Drivers and Loaders (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendants—Cauler Containers, Inc. ("Cauler Containers") and William C. Cauler ("Cauler") (collectively "Defendants")—anywhere in the United States, at any time from the filing of the Original Complaint through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101–333.115; 34 Pa. Code § 231.1–231.114.

## I. OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Pennsylvania under Fed. R. Civ. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Defendants at any time from September 26, 2022 through the final disposition of this matter, who have not been paid for all hours worked nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40) (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

7. The effect of Defendants' practices were (and are) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Defendants failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked in violation of the FLSA and the PMWA.

8. Defendants also failed to provide accurate wage statements as they did not include the hours that Plaintiff and the Putative Collective/Class Members spent working off-the-clock and did not accurately state the regular rate and overtime rate for Plaintiff and the Putative Collective/Class Members.

9. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

10. Plaintiff and the Putative Collective/Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or the PMWA.

11. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid compensation and other damages owed under the state laws of Pennsylvania as a class action pursuant to Fed. R. Civ. P. 23.

12. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

13. Plaintiff also prays that the Rule 23 class is certified as defined herein, with Plaintiff O'Donnell named as the Class Representative.

## II.
## THE PARTIES

14. Plaintiff—Jenni O'Donnell ("O'Donnell")—was employed by Defendants in Pennsylvania during the relevant time period. Plaintiff O'Donnell did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

15. The FLSA Collective Members are those current and former hourly Drivers and Loaders who were employed by Defendants, anywhere in the United States, at any time from September 26, 2022 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff O'Donnell worked and was paid.

16. The Pennsylvania Class Members are those current and former hourly Drivers and Loaders who were employed by Defendants, in the State of Pennsylvania, at any time from September 26, 2022 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff O'Donnell worked and was paid.

17. Defendant Cauler Containers, Inc. ("Cauler Containers") is a domestic for-profit corporation, that is licensed to do business in the State of Pennsylvania. Defendant Cauler has been served and appeared herein.

18. Defendant William C. Cauler ("Cauler") is the current owner, president, and treasurer of Defendant Cauler Containers and may be served at **245 Oak Bottom Rd, Quarryville, Pennsylvania 17566, or wherever he may be found**.

19. Defendants are joint employers under the FLSA and the PMWA. They have (or had) common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the

[1] The written consent of Jenni O'Donnell is on file at ECF No. 1–1.

applicable provisions of the FLSA and the PMWA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

20. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

21. This Court has supplemental jurisdiction over the additional Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

22. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

23. This Court has general personal jurisdiction over Defendants because their corporate headquarters are located in Quarryville, Pennsylvania.

24. This Court has specific personal jurisdiction over Defendants because the actions and omissions giving rise to Plaintiff's claims occurred in Pennsylvania.

25. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Pennsylvania because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

26. Additionally, Defendants maintain their corporate headquarters in Quarryville, Pennsylvania, which is located within this District.

## IV.
## BACKGROUND FACTS

27. Cauler Containers is a full-service solid waste company providing waste collection, recycling, and disposal services to commercial, industrial, and residential customers throughout Pennsylvania.[2]

28. Defendant Cauler is the current owner, president, and treasurer of Defendant Cauler Containers.

### Defendants are Joint Employers

29. Defendants are joint employers under the FLSA and PMWA.

30. Defendants directly hired Plaintiff and the Putative Collective/Class Members.

31. Defendants controlled Plaintiff and the Putative Collective/Class Members' work schedules and conditions of employment.

32. Specifically, Defendants set the weekly work schedules for all of Cauler Containers' employees—including the Plaintiff and the Putative Collective/Class Members.

33. Defendants also defined the primary work duties for all of Cauler Containers' employees—including the Plaintiff and the Putative Collective/Class Members.

34. Defendants set the job duties for Plaintiff and the Putative Collective/Class Members.

35. Specifically, Defendant Cauler set the job duties for Plaintiff and the Putative Collective/Class Members.

36. Defendants had the power to alter Plaintiff and the Putative Collective/Class Members' job duties.

37. Defendants determined Plaintiff and the Putative Collective/Class Members' rate and method of payment of wages.

---

[2] https://www.caulerwastedisposal.com/about (last visited February 18, 2026).

38. Specifically, Defendant Cauler determined that Defendant Cauler Containers would pay Plaintiff and the Putative Collective/Class Members an hourly rate and automatically deduct thirty (30) minutes each shift for a meal break.

39. Defendants maintained control, oversight, and direction over Plaintiff and Putative Collective/Class Members including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

40. Defendants mutually benefitted from the work performed by Plaintiff and Putative Collective/Class Members.

41. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and Putative Collective/Class Members.

42. Defendants shared the services of Plaintiff and Putative Collective/Class Members.

43. Defendants acted directly in the interest of each other in relation to Plaintiff and Putative Collective/Class Members.

44. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

45. Defendants had the power to hire and fire Plaintiff and Putative Collective/Class Members.

46. Defendant Cauler hired at least one Cauler Containers employee.

47. Defendant Cauler fired at least one Cauler Containers employee.

48. Defendants maintained Plaintiff and Putative Collective/Class Members' employment records.

49. Defendant Cauler had (and continues to have) access to the employee payroll records of Plaintiff and the Putative Collective/Class Members.

50. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Pennsylvania state law, including the overtime provisions.

**Plaintiff and the Putative Collective/Class Members are Similarly Situated**

51. To provide their services, Defendants employed (and continue to employ) numerous hourly, non-exempt Drivers and Loaders—including Plaintiff and the individuals that make up the putative collective and class.

52. Plaintiff and the Putative Collective/Class Members were employed by Defendants as hourly, non-exempt Drivers and Loaders who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

53. Plaintiff and the Putative Collective/Class Members were responsible for the collection, transportation, and disposal of residential and commercial waste on behalf of Defendants' customers.

54. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

55. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

56. Plaintiff O'Donnell was employed by Defendants as a Driver and Loader in Pennsylvania from approximately June 2023 until April 2025.

57. During their respective employment with Defendants, Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day.

58. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Defendants resulting in the complained of FLSA and PMWA violations.

59. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties – that is, they all collected, transported, and disposed of residential and commercial waste on behalf of Defendants' customers.

60. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they were all paid on an hourly basis and Defendants automatically deducted thirty (30) minutes for a meal period each workday.

61. Plaintiff and the Putative Collective/Class Members are therefore similarly situated with respect to Defendants' policies (and practices) resulting in the complained of FLSA and PMWA violations.

**Unpaid Meal Breaks**

62. Defendants have a policy wherein they automatically deduct a thirty (30) minute meal period from Plaintiff and the Putative Collective/Class Members' daily time.

63. Defendants' automatic thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the PMWA.

64. Defendants were (and continue to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the PMWA.

65. Defendants knew Plaintiff and the Putative Collective/Class Members did not take a meal break because they did not indicate they took one in the route sheet(s) they provided to Defendants each day.

66. Defendants also knew Plaintiff and the Putative Collective/Class Members did not take breaks because Plaintiff and the Putative Collective/Class Members informed their supervisors they regularly did not take a meal break.

67. Defendants also engaged in continuous monitoring of Plaintiff and the Putative Collective/Class Members—through GPS tracking of their vehicles and video surveillance of the interior cabins of their vehicles—and therefore had actual knowledge that Plaintiff and the Putative Class/Collective Members were not taking their 30-minute meal period breaks each day.

68. As a result of Defendants' failure to compensate Plaintiff and the Putative Collective/Class Members for all compensable work, such as during their unpaid meal breaks, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the PMWA.

69. Defendants knew or should have known they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

70. Defendants' actions therefore constitute willful violations and were not made in good faith.

71. Defendants' failure to pay Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and the PMWA.

72. Defendants knew or should have known they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and the PMWA.

73. Defendants knew or should have known their failure to pay the correct amount of straight time and overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

74. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA and the PMWA.

75. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Defendants' pay policies and practices violated (and continue to violate) the PMWA.

76. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members for all hours worked, Defendants also failed to provide accurate wage statements as required by the PMWA.

77. Specifically, Plaintiff and the Putative Collective/Class Members wage statements did not show all hours worked.

78. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to the PMWA as a class action pursuant to FED. R. CIV. P. 23.

# V.
# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

79. The preceding paragraphs are incorporated as though fully set forth herein.

80. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER DRIVERS AND LOADERS WHO WORKED FOR CAULER CONTAINERS, INC. AND/OR WILLIAM C. CAULER, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM SEPTEMBER 26, 2022 THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

81. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

82. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

83. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

84. Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct

transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

85. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce (as described above) for purposes of the FLSA.

86. In performing work for Defendants, Plaintiff and the FLSA Collective Members were (and continue to be) engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

87. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly, non-exempt employees who assisted Defendants' customers throughout the United States. 29 U.S.C. § 203(j).

88. The proposed collective of similarly situated employees—that is, the FLSA collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 80.

89. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

90. Defendants violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

91. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

92. Defendants knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

93. Each Defendant is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were (and continue to be) in violation of the FLSA.

94. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

95. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was not reasonable or in good faith.

96. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

97. All previous paragraphs are incorporated as though fully set forth herein.

98. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

99. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

100. The FLSA Collective is defined in Paragraph 80.

101. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

102. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

103. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

104. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

105. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

106. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

107. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

108. Accordingly, notice of the collective action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 80.

## SECOND CAUSE OF ACTION
**(Class Action Alleging Violations of the PMWA)**

### A. PMWA COVERAGE

109. All previous paragraphs are incorporated as though fully set forth herein.

110. The Pennsylvania Class is defined as:

**ALL CURRENT AND FORMER DRIVERS AND LOADERS WHO WERE EMPLOYED BY CAULER CONTAINERS, INC. AND/OR WILLIAM C. CAULER, IN PENNSYLVANIA, AT ANY TIME FROM SEPTEMBER 26, 2022 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("PMWA Class Members").**

111. At all material times, Defendants have each been an "employer" as defined by the PMWA. *See* 43 P.S. § 333.103(g).

112. At all material times, Plaintiff O'Donnell and the PMWA Class Members were (and continue to be) Defendants' "employees" as defined within the PMWA. *See* 43 P.S. § 333.103(f).

113. Defendants—the "employers"—are not exempt from paying wages and overtime benefits under the PMWA.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**

114. All previous paragraphs are incorporated as though fully set forth herein.

115. Defendants agreed to pay Plaintiff O'Donnell and each PMWA Class Member an hourly rate of pay.

116. Plaintiff O'Donnell and each PMWA Class Member accepted Defendants' offer.

117. Plaintiff O'Donnell and the PMWA Class Members' agreed hourly pay rates are therefore "wages" within the meaning of the PMWA. *See* 43 P.S. § 333.103(d).

118. The PMWA also requires employers, like Defendants, to pay employees, including Plaintiff O'Donnell and the PMWA Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. *See* 43 P.S. § 333.104(c).

119. Defendants violated, and continue to violate, the PMWA by failing to pay Plaintiff O'Donnell and the PMWA Class Members all straight-time hours worked at the agreed hourly rate and all overtime wages at rates not less than 1.5 times their regular rates for all hours worked after

forty (40) in a workweek, including all off-the-clock hours worked by Plaintiff O'Donnell and the PMWA Class Members during their unpaid meal breaks. *See* 43 P.S. § 333.104(c).

120. In violating the PMWA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Pennsylvania law.

121. As a direct and proximate result of Defendants' willful conduct, Plaintiff O'Donnell and the PMWA Class Members have suffered (and continue to suffer) substantial losses, and have been deprived of compensation to which they are entitled damages, including liquidated damages, and reasonable attorneys' fees pursuant to the PMWA. *See* 43 P.S. § 333.113.

122. Defendants are in possession and control of necessary documents and information from which Plaintiff O'Donnell would be able to precisely calculate damages.

123. The proposed class of putative class members sought to be certified pursuant to the PMWA is defined in Paragraph 110.

124. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**C. PMWA CLASS ALLEGATIONS**

125. Plaintiff O'Donnell and the PMWA Class Members bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendants who worked in Pennsylvania at any time since September 26, 2022 through the final disposition of this matter.

126. Class action treatment of Plaintiff O'Donnell and the PMWA Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

127. The number of PMWA Class Members is so numerous that joinder of all class members is impracticable.

128. Plaintiff O'Donnell's Pennsylvania state-law claims share common questions of law and fact with the claims of the PMWA Class Members.

129. Plaintiff O'Donnell is a member of the PMWA Class, her claims are typical of the claims of the PMWA Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the PMWA Class Members.

130. Plaintiff O'Donnell and her counsel will fairly and adequately represent the PMWA Class Members and their interests.

131. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

132. Accordingly, the PMWA Class should be certified as defined in Paragraph 110.

## THIRD CAUSE OF ACTION
**(Alleging Wage Statement Violations of the PMWA)**

### A. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN ACCORDANCE WITH THE PMWA

133. All previous paragraphs are incorporated as though fully set forth herein.

134. The PMWA requires that "[e]very employer shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages." *See* 34 Pa. Code § 231.36.

135. Defendants violated the PMWA by furnishing incomplete and inaccurate wage and hour statements that failed to provide the correct number of hours worked, gross wages and net wages (as a result of excluding the hours he worked off the clock and associated earned wages).

136. The PMWA also requires employers to keep, for each employee, true and accurate records of hours worked by and wages paid to each of its employees. *See* 43 P.S. § 333.108.

137. This requires the employer to keep true and accurate records of, among other things, the number of hours worked daily and weekly; the total daily or weekly straight time and overtime wages due for hours worked during the workweek; and the total wages paid each pay period. *See* 34 Pa. Code § 231.31.

138. Defendants did not keep such true and accurate records as to Plaintiff and the PMWA Class Members who worked off the clock in violation of the PMWA.

139. As direct and proximate result of Defendants' violation of the PMWA, Plaintiff and the PMWA Class Members are entitled to their unpaid wages, together with reasonable attorney's fees and costs, and any other relief deemed appropriate and just.

## VI.
## RELIEF SOUGHT

140. Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 80;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Pennsylvania Class as defined in ¶ 110, and designating Plaintiff O'Donnell as Representative of the Pennsylvania Class;

e. For an Order pursuant to the PMWA awarding Plaintiff O'Donnell and the Pennsylvania Class Members damages for unpaid wages and all other damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff O'Donnell a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense (should discovery prove inadequate); and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 18, 2026

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: *s/ Timothy J. Peter*
Timothy J. Peter

Timothy J. Peter (# 306965)
1617 John F Kennedy Blvd #1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: tpeter@faruqilaw.com

Innessa M. Huot (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: ihuot@faruqilaw.com

Clif Alexander (admitted *pro hac vice*)
Austin Anderson (admitted *pro hac vice*)
Carter T. Hastings (admitted *pro hac vice*)
**ANDERSON ALEXANDER, PLLC**
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279

Facsimile: (361) 452-1284
Email: clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

***Attorneys for Plaintiff and Putative Collective/Class Members***

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Pennsylvania, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander